

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 12, 2010**                                                                 **United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROBERT DEAN SCHOOLER and | § | CASE NO. 01-51003-RLJ-7 |
| TINA MARIE SCHOOLER, | § | |
| | § | |
| DEBTORS | § | |

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA by | § | |
| LAMESA NATIONAL BANK, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | ADVERSARY NO. 09-05011 |
| | § | |
| LIBERTY MUTUAL SURETY, | § | |
| | § | |
| DEFENDANT | § | |

## **MEMORANDUM OPINION AND ORDER**

Lamesa National Bank ("LNB"), the plaintiff, seeks a summary judgment as to liability (but not amount) on the claim it asserts here against defendant Liberty Mutual Surety ("Liberty Mutual"); Liberty Mutual seeks summary judgment on all elements of LNB's cause of action.

## Background

This adversary proceeding arises out of the chapter 7 bankruptcy case of Robert and Tina Schooler, and, specifically, the performance by the chapter 7 trustee, Deborah Penner (the "Trustee" or "Penner"), of her duties as Trustee in the chapter 7 case.  LNB sues on the blanket bond issued by Liberty Mutual that covers bankruptcy trustees in the Northern District of Texas, including Penner.  The bond is required of trustees under section 322(a) of the Bankruptcy Code.

Debtor Tina Schooler ("Schooler") is the daughter of Hank Gremminger, Jr., who died in early 2001, which was within 180 days of the Schoolers' chapter 7 filing.  The bankruptcy estate was therefore entitled to any property that Tina Schooler inherited from her father.  *See* 11 U.S.C. § 541(a)(5)(A).  Schooler's inheritance was not insignificant; it included an interest in a house valued at approximately $98,500.00, and in certificates of deposit valued at approximately $139,000.00.  Though Schooler disclosed the inheritance, she failed to turn over her inheritance to the Trustee; the Trustee failed to affirmatively pursue recovery of Schooler's inheritance.  Schooler spent the proceeds derived from the inheritance.

On a motion filed by LNB seeking to compel the Trustee to perform her duties, the Court determined, by its order of April 23, 2009, that:

(1) the Trustee has failed in her duty under 11 U.S.C. § 704 to expeditiously proceed with the handling of the estate;

(2) the Trustee has failed in her duty under 11 U.S.C. § 704 to reduce the bankruptcy estate to cash;

(3) the Trustee has failed in her duty under 11 U.S.C. § 704 to respond to creditors' inquiries with regard to the status of the estate;

(4) the Trustee has failed to perform her duties under 11 U.S.C. § 704.

Court's order of April 23, 2009, Dkt. No. 55.

The Court's findings were based on the Trustee's failure to take any affirmative steps to recover the inheritance for the estate and her inordinate delay in administering this bankruptcy estate. That this case has been open for over nine years is particularly troubling to the Court. Such a delay is a disservice to the creditors and to the Court, and undermines basic policies of the Bankruptcy Code.

## Discussion

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250 (1986); *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). On a summary judgment motion, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255. A factual dispute bars summary judgment when the disputed fact is determinative under governing law of the issue before the court. *Id*. at 250. The movant bears the initial burden of articulating the basis for its motion and identifying evidence which shows that there is no genuine issue of material fact. *Celotex*, 477 U.S. at 322. The respondent may not rest on the mere allegations or denials in its pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

LNB contends that the terms of the blanket bond, coupled with the Court's prior findings

regarding the Trustee's failures, entitles it to summary judgment on its claim, at least as to liability. Liberty Mutual submits that its obligation under the bond is conditioned upon the personal liability of Penner to the creditors of the bankruptcy estate, which, in turn, requires a finding that she was grossly negligent in the performance of her duties. The evidence, according to Liberty Mutual, does not justify a finding of gross negligence; therefore, Liberty Mutual's obligation under the bond is not triggered.

LNB seeks recovery from Liberty Mutual on the blanket bond it issued to the United States under the names of the trustees specifically scheduled under the bond, including Penner. The bond provides that Penner, as a scheduled Trustee and as principal, and Liberty Mutual, as surety, are "bound unto" the United States "for the payment of which well and truly to be made, . . . , jointly and severally, firmly by these presents. The joint and several liability is between each trustee and the surety." Exhibit A to Plaintiff's Summary Judgment Motion. The bond further provides that, "as a condition to serving in the capacity as Trustee, Section 322 of the Bankruptcy Code requires that said Principal provide a surety bond for the *faithful performance* of [her] official duties as Trustee of the estates of . . . debtors assigned to the Principal by the United States Trustee." *Id*. (emphasis added). Finally, the bond states, "if said Principals shall faithfully perform their official duties and orders issued by the Court as Trustee, then this obligation shall be null and void; otherwise to remain in full force and effect." *Id*. The liability to the surety is limited per case and in the aggregate to $300,000.00 and $8,000,000.00, respectively.

LNB contends that the Court has, in effect, already determined that the Trustee failed to "faithfully" perform her duties. While this is an enticing argument, it fails to recognize the Fifth Circuit's stated gross negligence standard for imposing personal liability on bankruptcy trustees.

*See In re Smyth*, 207 F.3d 758, 762 (5th Cir. 2000) ("[W]e conclude that trustees should not be subjected to personal liability unless they are found to have acted with gross negligence.")

That the bond itself arguably contains a standard of "faithful" performance does not justify a standard different than that announced by the Fifth Circuit. Applying a faithful performance standard would, in the Court's view, impose a standard, from the Trustee's (and the bonding company's) perspective, that is more stringent than even a negligence standard. While the Court has found no cases that explain or elaborate on the meaning of faithful performance (or what constitutes a failure to faithfully perform one's duties), the standard dictionary definition of "faithful" includes "trustworthy", "accurate", "reliable", "dependable", "exact", "precise", "perfect", and "literal". *See* OXFORD AMERICAN DESK DICTIONARY AND THESAURUS 285 (2d ed. 2001). A standard that requires faithful performance on the part of trustees to avoid liability would run afoul of the Fifth Circuit's gross negligence standard.

The language of the bond – "faithful performance of [the trustee's] official duties" – is, as it states, lifted directly from section 322(a) of the Bankruptcy Code. While LNB argues that this standard triggers liability of the bonding company, and is thus distinguished from the Trustee's personal liability, the Court notes that, if such language determines the bonding company's liability, it also determines the Trustee's liability. The obligation under the bond applies to both the principal and the surety, the Trustee and Liberty Mutual. The language cannot be parsed in a way that reconciles the bond with the gross negligence standard unless the gross negligence standard informs the meaning of "faithful" performance. The Trustee cannot be exposed to two different standards of personal liability, and the liability of Liberty Mutual and the Trustee must be the same.

Under Texas law, "[u]nless a cause of action exists against the principal, it cannot exist against the surety." *Great Am. Ins. v. Austin Utility*, 908 S.W.2d 415, 419 (Tex. 1995) (citing *Girard Fire & Marine Ins. Co. v. Koenigsberg*, 65 S.W.2d 783, 786 (Tex. Civ. App.—Dallas 1933, no writ). The language of the bond determines and may limit the liability of the surety; however, an action cannot be pursued against the surety unless the principal is also liable on the action. *Id.*; *Geters v. Eagle Ins. Co.*, 834 S.W.2d 49, 50 (Tex. 1992). In other words, "the liability of the surety depends on the contract *and* the existence of facts showing liability on the part of the [principal]." *Colonial Am. Cas. & Surety Co. v. Scherrer*, 214 S.W.3d 725, 730 (Tex. App.—Austin 2007, no pet.) (emphasis added). Texas law, to the extent it applies, is consistent with the Court's interpretation here.

### Conclusion

Unless the Trustee is grossly negligent, Liberty Mutual is not obligated to answer under the bond. In this regard, the Court is satisfied that material facts are at issue on the question of whether the Trustee was grossly negligent. The requests for summary judgment will be denied.

It is, therefore,

ORDERED that the motion for partial summary judgment of LNB and the motion for summary judgment of Liberty Mutual are denied.

### End of Memorandum Opinion and Order ###