

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**United States Bankruptcy Judge**

**Signed March 31, 2011**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROBERT DEAN SCHOOLER and | § | CASE NO. 01-51003-RLJ-7 |
| TINA MARIE SCHOOLER, | § | |
| | § | |
| DEBTORS | § | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA by | § | |
| LAMESA NATIONAL BANK, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | ADVERSARY NO. 09-05011 |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| DEFENDANT | § | |

## MEMORANDUM OPINION

On September 30, 2010, the Court entered its Memorandum Opinion finding Liberty Mutual Insurance Company (Liberty Mutual) liable to the bankruptcy estate of Robert and Tina Schooler for $112,247.66. [Dkt No. 58]. In its opinion, the Court did not determine whether

Liberty Mutual should pay prejudgment interest. Now before the Court is the request of Lamesa National Bank (LNB) for prejudgment interest and Liberty Mutual's objection thereto. [Dkt Nos. 63, 71]. Hearing was held on January 26, 2011.

## Discussion

Prejudgment interest is compensation allowed by law as additional damages for lost use of money due during the lapse of time between the accrual of the claim and the date of judgment. *Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 214-15 (5th Cir. 2006). In the bankruptcy context, for an action brought on behalf of the bankruptcy estate, prejudgment interest is not designed to punish the defendant but to compensate the estate for the time it was without the funds. *See In re Zohdi*, 234 B.R. 371, 385 (Bankr. M.D. La. 1999) (Phillips, J.); *see also Whitfield v. Lindemann*, 853 F.2d 1298, 1306 (5th Cir. 1988) (prejudgment interest is not a penalty but compensation for the use of funds).

A court has broad discretion in awarding prejudgment interest. *Oil, Chem. & Atomic Workers Int'l Union v. Am. Cyanamid Co.*, 546 F.2d 1144 (5th Cir. 1977) (refusing to find district court's decision not to award prejudgment interest an abuse of discretion because "[t]he general federal rule is that in the absence of a statutory provision the award of pre-judgment interest is in the discretion of the court."); *see also Whitfield*, 853 F.2d at 1306; *In re Zohdi*, 234 B.R. at 385.

The allowance of interest on damages is not an absolute right. *See Jauch,* 470 F.3d at 215 (citing 118 U.S. 507 (1886)). Whether prejudgment interest should be allowed depends on the particular circumstances of each case. *Id.* Prejudgment interest is not awarded according to a rigid theory of compensation but in response to considerations of fairness. *Whitfield*, 853 F.2d at 1306.

Nevertheless, there is a strong presumption in favor of awarding prejudgment interest. *See United States v. Ocean Bulk Ships, Inc.*, 248 F.3d 331, 344 (5th Cir. 2001).

Prejudgment interest is governed by federal law where the case arises from a federal statute. *Landair Transport, Inc. v. Schneider Nat'l Carriers, Inc.*, No. 5:08-CV-182-C, 2009 WL 3416273, at *1-2 (N.D. Tex. Oct. 20, 2009) (Cummings, J.); *see also Hansen v. Continental Ins. Co.*, 940 F.2d 971, 983 (5th Cir. 1991) ("where a cause of action arises out of a federal statute, federal law governs the scope of the remedy available to the plaintiff, including whether prejudgment interest is to be allowed and at what rate.")[1]

The Court first determines whether the statute giving rise to the cause of action precludes an award of prejudgment interest. *Guidry v. Booker Drilling Co.*, 901 F.2d 485, 488 (5th Cir. 1990); *Landair*, 2009 WL 3416273, at *1. A statute's silence does not preclude an award of prejudgment interest.[2] *Id*. The instant case concerns the liability of a bonding company under a bond that is issued pursuant to section 322 of the Bankruptcy Code "in favor of the United States." 11 U.S.C. § 322. As a condition to serving as a case trustee in a bankruptcy case, the appointed trustee here was required to obtain such bond. The United States Trustee selects the trustee for the case and determines the amount and sufficiency of the bond. The Bankruptcy Code allows a "trustee in a case under this title . . . to sue and be sued." § 323(b). The Code provides

---

[1]*But see ASARCO LLC v. Am. Mining Corp.*, 404 B.R. 150, 168 n.11 (S.D. Tex. 2009) ("State law governs the award of prejudgment interest where state law provides for prejudgment interest as a substantive right."); *H. Reyes-Mata v. IBP, Inc.*, 299 F.3d 504, 507-08 (5th Cir. 2002) (Fifth Circuit upholds award of prejudgment interest in case arising out of state law cause of action for compensation to employee injured when a beef carcass fell on his head.); *see also Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507 (Tex. 1997) (seminal case on Texas state law standard for prejudgment interest).

[2]The Fifth Circuit has held that the federal post-judgment interest statute, 28 U.S.C. § 1961, does not preclude the award of prejudgment interest. *Guidry*, 901 F.2d at 488; *Hansen*, 940 F.2d at 984.

that an action on the bond may not be commenced after two years after the date on which the trustee is discharged. § 322(d).

This is decidedly a federal case, but one in which there is no guidance from the Code or the Rules regarding the allowability of prejudgment interest. They obviously do not preclude an award of prejudgment interest, however. The purpose of the recovery in this case is to make the estate whole, to bring back into the estate what was lost as a result of the trustee's conduct. The Court is satisfied that an award of prejudgment interest is appropriate. *See In re Tex. Gen. Petroleum Corp.*, 52 F.3d 1330, 1339-40 (5th Cir. 1995) (award of prejudgment interest is proper on a fraudulent transfer action under section 548 as a way to make the estate whole).

The Court next determines both the rate and time of accrual of the interest. For this, the Court relies on the District Court's opinion in *Landair*, 2009 WL 3416273, at *2. There the District Court noted that where federal law is silent as to the rate, a court may look to state law for guidance. Following *Landair*, the Court is satisfied that the state law's 5.0% rate is an appropriate rate, compounded annually. *Id*. And, rather than accruing the interest from the time in which the cause of action arose, the District Court in *Landair* ran interest from the date the claim was first presented. *Id.* The Court finds no reason to depart from *Landair* on this point as well. This is not a typical case. The Plaintiff, LNB, is a creditor in the Schoolers' bankruptcy case. For the reasons stated in this Memorandum Opinion, the Court awarded the recovery to the bankruptcy estate. LNB will share in the recovery along with other unsecured creditors in the case. As with any bankruptcy case, the estate must be administered before distributions are made. In addition, the limitations period for an action against the trustee runs two years *after* the trustee is discharged. Given the particular circumstances of the action here, pinpointing the time at which

the cause of action arose is difficult. LNB asks that it run from September 5, 2002, six months after the 2004 examination of Tina Marie Schooler, which was taken on March 5, 2002. It submits that the trustee was then made aware of the assets that were to come into the estate and should have acted within six months thereafter. Even if the Court were inclined to award interest from the earliest possible point, this September 5, 2002 date should not be chosen. There is no authority for interest to run before a cause of action accrues. In 2002, the assets had not yet been lost. *Landair* provides for a definite time and rate and avoids the arbitrariness of the Court selecting a rate and accrual point based on variable factors that can change from case to case.[3]

Prejudgment interest will therefore accrue from the time the complaint was filed, September 8, 2009. The Court instructs counsel for the Plaintiff, LNB, to submit a judgment in accordance with this Memorandum Opinion.

---

[3] In determining the accrual point, there are basically two lines of thought. Prejudgment interest may accrue from the date the cause of action arises (date of injury) or the date the plaintiff starts the clock. *See* Michael S. Knoll, *A Primer on Prejudgment Interest*, 75 Tex. L. Rev. 293, 353 (1996). There are, obviously, policy reasons for each of the two views. To complicate the analysis, for state law issues decided in federal courts, the courts have awarded interest from the moment the cause of action accrues, *see e.g., Reyes-Mata*, 299 F.3d at 507; *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 613 (5th Cir. 2000); *Int'l Turbine Servs., Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 499 (5th Cir. 2002); yet, at least two federal court cases deciding federal law issues awarded interest from the time the action is initiated. *See Zohdi*, 234 B.R. at 385; *Landair*, 2009 WL 3416273, at *2.

### End of Memorandum Opinion ###